## Sidebothom, Appellant, *v.* Metropolitan Life Insurance Company.

Argued May 9, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Daniel Marcu,* for appellant.

*John Bishop,* with him *Owen B. Rhoads, Dechert, Smith & Clark* and *Harry Cole Bates,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 24, 1940:

Ella Sidebothom, appellant, instituted suit in assumpsit against the Metropolitan Life Insurance Company, appellee, upon seven industrial policies of life insurance issued by it, insuring the life of her husband, John Sidebothom, to recover, as the beneficiary named therein, the benefits of double indemnity for the accidental death of the insured. The face amounts only of the policies have been paid by appellee,

The accidental death benefit riders upon which appellant bases her claim provide as follows: "Upon the receipt of due proof that the Insured . . . has sustained . . . bodily injuries, solely through external violent and accidental means, resulting, directly and independently of all other causes, in the death of the insured within ninety days from the date of such bodily injuries . . . the company will pay in addition to any other sums due under this policy . . . an Accidental Death Benefit equal to the face amount of insurance then payable at death."

Appellant's statement of claim averred that on December 7, 1937, the insured sustained bodily injuries solely through external, violent and accidental means, to wit, carbon monoxide poisoning as the result of escaping coal gas; that on January 20, 1938, the insured did further sustain bodily injuries solely through external, violent and accidental means, to wit, carbon monoxide poisoning as the result of escaping coal gas; that on May 18, 1938, while the insured was being treated for the bodily injuries suffered by him on January 20, 1938, he sustained bodily injuries solely through external, violent and accidental means, to wit, as a result of a fall from a bed, whereby he sustained injuries to the face and forehead which resulted in the contraction of erysipelas; and that the injuries sustained on May 18, 1938, January 20, 1938, and December 7, 1937, resulted, directly and independently of all other causes, in the death of the insured on May 24, 1938. Appellee filed an affidavit of defense raising questions of law which the court below sustained with leave to appellant to amend. Upon appellant's failure to amend her statement of claim final judgment was entered for appellee, and this appeal followed.

As appellant states, the only question in the case is as to the proper interpretation to be placed upon the provisions of the accidental death benefit riders as above set forth. She contends that the only fair and proper

interpretation is that death must result from bodily injuries sustained within ninety days, solely and *independently of all causes other than injuries sustained solely through external, violent and accidental means,* and that "the ninety day provision is merely a limitation which means that there cannot be a recovery unless there was bodily injury within ninety days of death." Thus construing the riders, appellant argues that, since the averments of her statement of claim show that the insured's death was caused solely through bodily injuries and further that bodily injuries were sustained within ninety days of death which injuries *contributed* to cause death, the court below erred in sustaining appellee's statutory demurrer.

In answer to this contention the court below said: "The provision is clear and requires death within ninety days of an accident that causes injuries that result directly and independently of all other causes in death. The provision does not mean that if there are three accidents causing bodily injuries, two of which accidents are beyond the ninety day period and one within the ninety day period, there can be a recovery. . . . As the pleading stands it cannot be said that the last accident was the cause of death independent of all other causes. . . . We cannot see how [the] provision can be given plaintiff's interpretation. Such construction would violate the terms of the provision and give it an unintended restrictive application. The clause clearly states that the bodily injuries must result in death within ninety days, independently of all other causes. . . . The ninety day limitation was intended to cover the present circumstances, in addition to a simple case of bodily injury more than ninety days before death with no subsequent accident within the prescribed period."

It is true that there is a generally accepted rule of construction that, where doubt exists as to its meaning, an insurance policy, couched in language chosen by the insurer, is to be given the construction of which it is

susceptible most favorable to the insured *(Levinton v. Ohio Farmers' Insurance Co.,* 267 Pa. 448), but, this rule can have no proper application where the language is clear and unambiguous. In such cases, and this is one, as the court below very properly held, the language used cannot be construed to mean otherwise than what it clearly says *(Bole v. New Hampshire Fire Ins. Co.,* 159 Pa. 53; *Hesse v. Travelers' Ins. Co.,* 299 Pa. 125; *Foundation & Construction Co. v. Franklin Trust Co.,* 307 Pa. 10; *Urian v. Scranton Life Ins. Co.,* 310 Pa. 144), and, it is the function of the court to declare and apply the plain meaning of the language of the instrument *(Currie v. Land Title Bank & Trust Co.,* 333 Pa. 310). This is precisely what the court below did in the present case.

The language of the provisions upon which appellant based her right of recovery being plain and unambiguous, since the averments of her statement of claim were legally insufficient to bring her within it and she failed to amend so as to state a cause of action, if she could, upon leave being given to do so, it follows that appellee was entitled to judgment on its affidavit of defense raising questions of law.

In view of the averments of appellant's statement of claim as to the causes of the death of the insured, the decisions in *Arnstein v. Metropolitan Life Insurance Co.,* 329 Pa. 158; *Kelly v. Prudential Insurance Co.,* 334 Pa. 143, and *Kelley v. Pittsburgh Casualty Co.,* 256 Pa. 1, cited by appellant, can have no possible application to the present case.

Judgment affirmed.