## PROVIDENT TRUST CO. v. NATIONAL SURETY CO.

### Civ. No. 1833.

District Court, W. D. Pennsylvania.

April 22, 1942.

Miller & Nesbitt, of Pittsburgh, Pa., for plaintiff.

Donald Thompson, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is before us on two motions of the defendant, the first motion being under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement as to the matter therein alleged; the other motion is to dismiss, under Rule 12(b). The motion for a more definite statement was not pressed, either in the oral or written arguments of the defendant. The reasons alleged and argued for dismissal of the action were that the facts alleged in the complaint do not constitute forgery within the meaning of the bond sued upon; and if

such facts do constitute forgery, the specific documents named in the complaint are not within paragraph (D) of said bond.

The plaintiff is a banking corporation located in the City of Pittsburgh, Pennsylvania. The defendant is an insurance corporation of the State of New York and was authorized to issue the bond involved in this case.

On October 15, 1937, the defendant, for a premium of $1,318.60, issued what defendant designated in its bond as "Bankers' Blanket Bond". Nine riders were added to said bond since its issue, and the said bond, together with said riders, was in force at the time of the committing of the acts alleged to have caused losses to the plaintiff in this case.

The bond defines the word "property" as used therein, which includes warehouse receipts. It covers losses by fraudulent or criminal acts of the employees of plaintiff; losses by robbery, larceny, misappropriation of property; and in paragraph (D), losses through payment of forged checks, withdrawal orders, receipts, certificates of deposit; and in (D) (5), losses "through transferring or paying any money or funds or transferring or delivering any securities or establishing any credit on the faith of forged or altered written instructions or advices from any customer * * *".

On April 30, 1940, the Monongahela Rye Liquors, Inc., borrowed from the plaintiff $15,000, and executed to plaintiff its collateral promissory note in the same amount, secured by eleven negotiable United States bonded warehouse receipts or certificates for 632 barrels of liquor. The liquor pledged by said warehouse certificates did not exist at the time of the execution of said note and the procurement of said loan. The maker of said note, and also, the maker of the warehouse certificates, became insolvent on or about December 23, 1940, have gone into bankruptcy and no recovery can be had by the plaintiff on account of said note or of the collateral pledged to secure the same.

This action is to recover the amount of the note, $15,000, with interest.

■ In Sidebothom v. Metropolitan Life Insurance Company, 339 Pa. 124, 127, 14 A.2d 131, 132, it is stated: "It is true that there is a generally accepted rule of construction that, where doubt exists as to its meaning, an insurance policy, couched in language chosen by the insurer, is to be given the construction of which it is susceptible most favorable to the insured * * *." See Morris v. American Liability & Surety Company, 322 Pa. 91, 185 A. 201; Stroehmann et al. v. Mutual Life Insurance Company of New York, 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732.

■ The law of Pennsylvania is applicable to the issue or issues now before us. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ Defendant contends that the procurement of a loan from the plaintiff, secured by warehouse certificates for goods which did not exist, is not forgery. In Commonwealth v. Pearlman, 126 Pa.Super. 461, 191 A. 365, the Superior Court of Pennsylvania had before it the question whether the Criminal Act of 1860, 18 P.S. § 3631, of Pennsylvania, applied to the making, uttering or publishing of instruments which contain false statements but not forged signatures. That court held that the making, uttering or publishing of instruments containing such false statements was forgery in Pennsylvania. I therefore conclude that the facts alleged in the complaint constitute forgery within the meaning of the bond now before us.

■ Defendant further contends that if the warehouse certificates involved were forged, they are not documents covered by the bond. The bond is designated by defendant "Bankers' Blanket Bond." It covers losses through transferring or payment of money or funds, or by transferring and delivery of securities, or by the establishing of any credit "on the faith of forged or altered written instructions or advices from any customer." The words of a statute are ordinarily to be construed in their meaning as used in common parlance. In Webster's New International Dictionary, 2d Ed. the word "advice" is defined as having several different meanings, among others, as follows:

"3. Information or notice given; intelligence; as, late advices from France; —commonly in pl. Spec., Com., usually, information communicated by letter;— Chiefly as to drafts or bills of exchange; as, a letter of advice.

"Syn.—Opinion, recommendation, instruction, suggestion, exhortation, admonition; consultation, deliberation.—Advice, Counsel. Advice implies real or pretended knowledge, often professional or technical,

516

on the part of the one who gives it, and may apply to any of the affairs of life; as, advice regarding the choice of books, the conduct of a business, the care of poultry; legal or medical advice."

The designation of the bond by the defendant, as a "Bankers' Blanket Bond", indicates that it was to have a broad coverage. Plaintiff, in the making of the loan involved, relied on the genuineness of the advice contained in the warehouse certificates. This is natural, for it is fair to assume that the plaintiff nor any other banker would not have made a collateral loan based on warehouse certificates for whiskey unless it believed that the statements contained in the warehouse certificates were true.

I am, therefore, of the opinion that the warehouse certificates are included within the word "advices" as used in the bond. This same conclusion seems to have been reached by the Superior Court of Pennsylvania in the case of Commonwealth v. Pearlman, supra, wherein false statements were contained in the instrument sued upon.

I am, therefore, of the opinion that both of the motions of the defendant should be dismissed.