### PROVIDENT TRUST CO. v. NATIONAL SURETY CO.

#### Civ. No. 1834.

District Court, W. D. Pennsylvania.

April 22, 1942.

Miller & Nesbitt, of Pittsburgh, Pa., for plaintiff.

Donald Thompson, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is before us on two motions of the defendant, the first motion being under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement as to the matter therein alleged; the other motion is to dismiss, under Rule 12(b).

Plaintiff filed a more definite statement in pursuance of the motion for that purpose, which was not pressed, either in the oral or written arguments of the defendant.

The reasons alleged and argued for dismissal of the action were that the facts alleged in the complaint did not constitute forgery within the meaning of the bond sued upon; that if such facts did constitute forgery, the specific documents named in the complaint are not within

paragraph (D) of the bond, and that the complaint shows that plaintiff is acting as trustee for persons owning certain promissory notes and has suffered no loss by reason of the alleged forgery.

The plaintiff is a banking corporation located in the City of Pittsburgh, Pennsylvania. The defendant is an insurance corporation of the State of New York and was authorized to issue the bond involved in this case.

On October 15, 1937, the defendant, for a premium of $1,318.60, issued what defendant designated in its bond as "Bankers' Blanket Bond". Nine riders were added to said bond since its issue, and the said bond, together with said riders, was in force at the time of the committing of the acts alleged to have caused losses to the plaintiff in this case.

The bond defines the word "property" as used therein, which includes warehouse receipts. It covers losses by fraudulent or criminal acts of the employees of plaintiff; losses by robbery, larceny, misappropriation of property; and in paragraph (D), losses through payment of forged checks, withdrawal orders, receipts, certificates of deposit; and in (D) (5) losses "through transferring or paying any money or funds or transferring or delivering any securities or establishing any credit on the faith of forged or altered written instructions or advices from any customer * * *".

On October 2, 1939, Fry & Mathias, Inc., executed to the plaintiff, as trustee, a certain trust indenture to secure the payment of six collateral promissory notes aggregating $40,000, and issued and delivered to plaintiff, as trustee, 51 negotiable United States bonded warehouse certificates, to be retained by the plaintiff, as trustee, as security for said collateral promissory notes. Plaintiff, as trustee, endorsed said collateral notes with a certificate, certifying that each note is one of the issue of collateral trust notes described in the indenture referred to in the note; and thereafter, Fry & Mathias, Inc., negotiated a sale of said notes to six different persons.

The said United States bonded warehouse certificates were not genuine but were fraudulent. The liquor described as security had either been pledged to other parties or did not exist; that Fry & Mathias, Inc., were legally adjudged bankrupts and plaintiff was only able to recover on account of said notes, $2,820.05.

Plaintiff's action is brought to recover the sum of $25,000, with interest.

As to the contention of the defendant that the facts alleged in the complaint do not constitute forgery, and if said facts do constitute forgery, that the specific documents named in the complaint are not within paragraph (D) of said bond, attention is called to the opinion of this court filed today in an action between the same parties, 44 F.Supp. 514, in which the contention of the defendant was not sustained.

As to the contention of the defendant that plaintiff is acting as trustee for other persons owning promissory notes and has not suffered any loss by reason of the alleged forgery, the complaint is indefinite as to whether plaintiff's action is brought to recover a personal loss or a loss as trustee for other persons. In this connection, it should be noted that the bond sued upon is a bond from the defendant to the plaintiff in its individual capacity.

Plaintiff, in paragraph 6 of the complaint, alleges the suffering of "direct losses", and in paragraph 17, alleges that by means of the premises, the plaintiff, as trustee, "has sustained a loss in excess of the amount of $25,000.00". I am therefore of the opinion that if defendant desires to press this reason it should, by motion, move that plaintiff be required to file a more definite statement as to whether the damage claimed is claimed by it in its individual capacity or as trustee; and further, as to what the items of damage are and the amount of each item.