## Warren *v.* Williams, Appellant.

Argued March 24, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Donald M. Bane,* with him *Prichard, Lawler, Malone & Geltz,* for appellant.

*H. L. Abrams,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1952:

This action was commenced by issuance of a writ of summons in trespass on July 6, 1951. A deputy sheriff served the writ by handing a copy of it to the defendant's wife on August 1, 1951. The sufficiency of that service under Pa. R. C. P. 1009 (b) (2) (i) is the matter in dispute.

Counsel for defendant entered his appearance *de bene esse* and filed preliminary objections which he called "Petition Raising a Question of Jurisdiction". He alleged that defendant no longer resided at the address at which service was attempted "but that the defendant had left said address on or about July 8, 1951, and according to his said wife, then and there deserted her and the family and moved to a residence address, if any, unknown to his said wife and to your petitioners." The petition was verified by the attorney. *Plaintiff* filed a motion to strike off the preliminary objections. Subsequently, the *sheriff* filed a petition to amend his return in order to add statements that the place of service was the residence of defendant and that his wife was a member of the family with which defendant resided. The plaintiff joined in this petition, and defense counsel filed an answer.

With all these pleadings on the record, the court below held a hearing at which the deputy sheriff testified that when on August 1, 1951, he handed the copy of the writ to defendant's wife *she told him that defendant lived there.* The wife's testimony at the hearing was a direct denial; she said she had told the deputy sheriff that her husband had left her and no longer lived with her. She said that she accepted the writ only because her employer advised her to take it and turn it over to her husband's insurance company. The wife further testified that service of this writ of summons was first attempted on July 11, 1951, *and that it was on the very same day that defendant permanently departed from the place which had admittedly been his residence up until that day,* without giving his wife any idea of his future whereabouts. Such an unusual set of circumstances is sufficient to support an inference that defendant is deliberately evading service of process.

This conflicting testimony raised a question of fact which the court below resolved in favor of plaintiff when it permitted the sheriff to amend his return to show that service was made at defendant's "residence". Since this finding of fact by the court below was supported by competent evidence, we will not disturb it: *Meitner v. Scarborough*, 321 Pa. 212, 184 A. 81; *Arnstein v. Metropolitan Life Insurance Company*, 329 Pa. 158, 196 A. 491; *Heilig Bros. Company, Inc., v. Kohler*, 366 Pa. 72, 76 A. 2d 613.

To override this finding of fact by the court below, counsel for defendant places great reliance upon a technicality of pleading, namely: plaintiff's failure to deny the allegation that defendant no longer resides at the place of service. But the petition which contains this allegation is itself defective in that it does not comply with Pa. R. C. P. 1024. The petition is verified by counsel without any explanation of the source of his information or the reason why the verification is not made by a party himself to the proceeding.

In view of the finding of the court below that defendant was served at his residence by handing a copy to an adult member of the family with which he resides, the service is clearly proper. The order dismissing defendant's preliminary objections is affirmed at appellant's cost.