**UNITED STATES of America,
Plaintiff,**

**v.**

**Michael Leon WIERZCHUCKI,
Defendant.**

**No. CR–64–40.**

United States District Court
W. D. Wisconsin.

Dec. 30, 1965.

Michael J. Wyngaard, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Robert C. Onan, Wausau, Wis., for defendant.

JAMES E. DOYLE, District Judge.

Defendant has waived indictment and has pleaded not guilty to an information charging him with violating the Selective Service Act by failing to report for civilian work. Following entry of the not guilty plea, he has filed a motion for dismissal of the information. The motion is supported by affidavits by defendant and by his court-appointed counsel.

The initial question is whether the motion to dismiss, as amended, made after entry of the not guilty plea, will be considered. The record shows that, following its initial inquiry, the court had declined to appoint counsel for the defendant. However, when defendant appeared without counsel for arraignment at 1:15 p. m. on July 8, 1964 the court reconsidered the matter and appointed counsel; at 2:17 p. m. the defendant appeared with court-appointed counsel and entered his not guilty plea. Under these circumstances, it appears that defendant should not be foreclosed from making (and amending) a motion after entry of plea. The making of the motion and the amendment to the motion are permitted. The amended motion will hereinafter be referred to as "the motion."

The motion to dismiss rests on two grounds: that defendant was not apprised of his constitutional right to the assistance of counsel at a critical stage of the proceedings against him, and that the defendant did not in fact have or waive the assistance of counsel at a critical stage in the proceedings against him. In defendant's view, "the critical stage of the proceedings against him" was the period between the date of his draft registration and the date upon which his draft classification was finally determined in the administrative process. Defendant concedes that no criminal proceeding in the usual sense was commenced until much later—that is, until well after the defendant had failed to report for civilian work. However, he contends, the scope of review of his draft classification in the criminal prosecution is so extraordinarily narrow that the administrative process preceding the classification must be considered a stage in the criminal proceeding, and, indeed, a critical stage in the criminal proceeding.

So far as this court is aware, the Sixth Amendment right to counsel has not been held by the Supreme Court of the United States to attach at a point in time prior to arrest. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) (involving the Sixth Amendment as related to the Fourteenth). It is true, however, as defendant here contends, that in virtually all criminal prosecutions, the defendant has available to him a wide range of defensive weapons. Thus, there may be real significance to the presence of counsel at interrogation after arrest, or at a preliminary hearing, or at arraignment, or at trial. When criminal conviction is virtually inevitable because the die has been cast irrevocably in the administrative proceedings, as counsel for the defendant suggests may be the case here, the right to counsel in the criminal proceeding may be a hollow thing.

To uphold the motion to dismiss would require this court to rule that an Act of Congress, and presidential action pursuant to Congressional authority, violate the Sixth Amendment. In the Administrative Procedures Act (5 U.S.C., Sec. 1005(a)), the Congress provided: "Every party shall be accorded the right

to appear in person or by or with counsel or other duly qualified representative in any agency proceeding." The entire administrative function under the Selective Service Act, however, was expressly removed by the Congress (50 App., U.S.C., Sec. 463(b)) from the application of the Administrative Procedures Act. Moreover, by authority vested in him by the Congress in the Selective Service Act (50 App., U.S.C., Sec. 460(b)(1)), the President has prescribed a rule "that no registrant may be represented before the local board by anyone acting as attorney or legal counsel." 32 C.F.R., Chap. XVI, part 1624.1(b). Thus, so far from affirmatively providing for the presence of counsel in administrative proceedings under the Selective Service Act, and so far from affirmatively providing for the appointment of counsel for indigents in such proceedings, the President has prohibited the participation of counsel before local boards, and Congress has excepted the entire administrative process under Selective Service from the provision according "the right to appear *, * * by or with counsel" in other administrative proceedings.

This absence of a constitutional right to counsel in administrative proceedings under the Selective Service Act has been emphatically and frequently upheld, usually on the ground that these proceedings are in truth administrative and are not criminal proceedings. It has been held that the opportunity for judicial review in an ensuing criminal prosecution is sufficient for this purpose, since the validity of the classification may be raised in such a prosecution, although it is conceded that the scope of such review is extremely limited. United States v. Capson, 347 F.2d 959, 962–963 (C.A. 10th, 1965); Imboden v. United States, 194 F.2d 508 (C.A.6th, 1952), cert. den. 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357; United States v. Sturgis, 342 F. 2d 328, 332 (C.A.3d, 1965), cert. den. 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965); Peterson v. United States, 173 F.2d 111. 115 (C.A. 6th, 1949), cert. den. 337 U.S. 925, 69 S.Ct. 1169, 93 L.Ed.

1733. See Cox v. United States, 332 U.S. 442, 448, 68 S.Ct. 115, 92 L.Ed. 59 (1947), rehearing den. 333 U.S. 830, 68 S.Ct. 450, 92 L.Ed. 1115 (1948).

That the scope of judicial review of the administrative classification, under existing authorities, is extremely narrow, there can be no doubt. The "finality" attached by Congress to the administrative classification (50 App., U.S.C., Sec. 460(b)(3)) has been consistently honored by the courts by the device of sustaining the classification unless "there is no basis in fact" for it. Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567 (1946); United States v. Mohammed, 288 F.2d 236 (C.A.7th, 1961), cert. den. 368 U.S. 820, 82 S.Ct. 37, 7 L.Ed.2d 26, rehearing den. 368 U.S. 922, 82 S.Ct. 238, 7 L.Ed. 2d 137.

It appears that the time may have come for re-evaluation of the constitutional implications of the closed circuit outlined above. If it is not to be re-evaluated, then at a minimum, candor and forthrightness should accompany a basic and deliberate decision that the expanding concept of the right to counsel in criminal cases is not to reach prosecutions under the Selective Service Act, and that the reason for this restraint is that military manpower requirements prevent the full sweep of individual constitutional liberties.

This court considers that this motion to dismiss presents a true dilemma, that the issue it raises is genuine and profound, and that the resolution of the underlying issue cannot and should not be avoided.

The alternatives seem to be: (1) to permit the present system of statutes, regulations, and judicial decision to remain unchanged; (2) to apply, in some degree, the right to counsel to the administrative proceedings under the Selective Service Act; or (3) to relax in some degree the meaning of the "finality" of the administrative classification and to broaden in some degree the scope of judicial review in criminal

prosecutions under the Act. To sustain this motion to dismiss would be to choose alternative (2), and to choose it on the basis of a record almost wholly undeveloped. Of the three alternatives, it may be that alternative (2) would work the greatest practical interference with the effective operation of the Selective Service System. This last is wholly an assumption since such considerations have not as yet been explored or developed in this case. On the meager basis for decision presently provided, it seems the wiser course to choose between alternatives (1) and (3), and to make the choice in the context of a trial in which the facts will be wholly developed, and in which there may be a wider range for the defense to probe and to challenge the present doctrine of "finality" of the administrative classification.

The court appreciates that for reasons not yet developed on the record, the present case may prove inappropriate for such a searching re-examination. This remains to be seen.

Accordingly, upon the basis of the entire record herein, the amended motion to dismiss is overruled.