## Boyd v. National Liberty Life
## Insurance Company

*Marc L. Marks*, for plaintiff.

*Donald R. McKay*, for defendant.

ACKER, J., July 19, 1970.—Must a plaintiff in an action in assumpsit upon an insurance policy allege that the loss of an eye resulted within the 90-day period specified in the policy to state a cause of action? This is the issue which has been raised by demurrer in this action.

Plaintiff alleges that through an insurance policy, which is attached to the complaint, defendant owes to plaintiff $2,500, plus interest, for failure to pay for the loss of the sight of one eye resulting from external violent and accidental means. By paragraph 7, plaintiff alleges that he has "at all times performed all things required of him by the policy and has performed all conditions precedent relating to the giving of notice and proof of loss."

The policy provides that "where injury results, within 90 days from the date of the accident . . ., and any of the losses specified below (loss of sight of one eye) the company will pay $2500.00." Is the allegation that plaintiff has performed all things required of him by the policy sufficient?

In Sidebothom v. Metropolitan Life Insurance Company, 339 Pa. 124, 14 A. 2d 131 (1940), an industrial life policy provided for double indemnity for death of an insured within 90 days from the date of bodily injury sustained solely through external violent and accidental means. The beneficiary failed to show in his statement of claim that bodily injury was sustained within 90 days and failed to amend so as to state a cause of action. The lower court, after first sustaining an affidavit of defense raising questions

of law, had given permission to amend, which appellant had failed to do.

As in the instant case, appellant raised the contention that the provisions of the policy were unclear and ambiguous and, therefore, should be construed against the insurance company. The court concluded, however, that the policy is not ambiguous and states clearly what it says and it was, therefore, the duty of the court to apply the plain meaning of the language of the instrument.

So in the instant case, the provision is without ambiguity and should not be subject to misinterpretation, that the injury must, in fact, result within 90 days from the accident and if not, there is no right to claim.

The general rule is that facts sufficient to show substantial compliance with all the requirements of an insurance policy and the performance of all conditions precedent or such facts as would excuse nonperformance or amount to a waiver thereof by the insurance company should be averred: 3 Revised Standard Pa. Pract. §132, p. 292.

The fact that the insurance company did not specifically label the 90-day provision as a condition precedent does not grant any relief to plaintiff. It is a necessary element which plaintiff must prove in order to recover and must be alleged in the complaint.

However, plaintiff will be given 20 days in which to amend the complaint in accordance with this opinion.

## ORDER

And now, July 19, 1970, defendant's preliminary objection in the nature of a demurrer is sustained. Plaintiff is granted 20 days from this order to file an amended complaint in accordance with this opinion to allege that the loss of the sight of the eye occurred within 90 days of the date of the injury.