## Falone Appeal.

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Herbert K. Fisher,* with him *Bloom, Ocks & Fisher,* for appellant.

*Peter Noel Duhamel,* Assistant Attorney General, with him *Walter M. Phillips, Jr.,* Deputy Attorney General, for appellee.

OPINION BY WATKINS, P. J., January 16, 1975:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, Criminal Division, by the appellant-defendant, William Falone, holding him in civil contempt and confinement until he either purges himself by testifying before the Special Grand Jury, or until the said jury ceases to exist, or until he has been confined for a total of six (6) months from the date that his confinement began.

The appellant was subpoenaed to appear before the Special Investigating Grand Jury. When called to testify, he refused to answer questions by exercising his right against self-incrimination. A petition in the name of the Attorney General was filed under the Pennsylvania Immunity Act, 1968, November 22, P. L. 1080, No. 333, §1 et seq.; 19 P.S. §640.1 et seq., to grant the appellant immunity. The court below entered an order granting immunity to the appellant, but the appellant upon recall again refused to testify before the jury because he contended that the petition to grant immunity

was defective in that it was improperly verified among other alleged irregularities.

The pertinent portion of the Act reads as follows (19 P.S. §640.2):

"PETITION FOR ORDER

"The Attorney General may petition the court of the county in which such proceedings are being conducted for an order requiring any person to testify or produce evidence, which petition may be joined in by the district attorney of the county where such proceedings are being conducted. Such petition shall set forth the nature of the investigation and the need for the immunization of the witness."

The Act, supra, specifically designates the "Attorney General" as the one to petition and does not create departmental delegation of authority so to do. The verification of the petition must, therefore, be by the Attorney General or if by a third party it must be pursuant to Pennsylvania Rules of Civil Procedure 206 and 1024 (c) under very limited conditions. The rules in question read as follows:

"RULE 206. Petitions and Answers.

"Every petition and answer containing allegations of fact which do not appear of record shall be verified by affidavit."

"RULE 1024.

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. . . ."

Verification of all petitions filed with the court is required by the Act of April 9, 1915, P. L. 72, §1, 12 P.S. §514, which reads as follows: "A judge of any court of record shall not, in any matter, case, hearing, or proceeding before him, receive or consider any petition, or

paper in the nature of a petition, alleging any matter of fact, unless the petition or paper is duly verified as to such allegations." See, *Warren v. Williams,* 370 Pa. 380, 88 A. 2d 406 (1952).

As the Supreme Court pointed out in *Madigan Appeal,* 434 Pa. 361, 253 A. 2d 271 (1969), at page 367 (Footnote 4): "[4] The note to Rule 206 of the Supreme Court Rules of Civil Procedure explains that the provision for verification continues the Act of April 9, 1915, P. L. 72, §1, 12 P.S. §514. That act provides that 'A judge of any court of record shall not, in any matter, case, hearing, or proceeding before him, receive or consider any petition, or paper in the nature of a petition, alleging any matter of fact, unless the petition or paper is duly verified as to such allegations.' " And further on page 367: "These defects may not be brushed aside as mere 'legal technicalities'." It should be pointed out that federal cases under the federal immunity act are not in point as the Pennsylvania act is not as broad as the federal act so that the cases may be easily distinguishable.

*United States v. Wierzchucki,* 248 F. Supp. 788 (W.D. Wis. 1972), dealt with 18 U.S.C., Sections 2516 and 2518, the federal statute on wiretapping, which set forth strict statutory requirements which must be met before the government can make use of it. The authorization here was made by someone other than the ones named in the act and the court held the taps and the evidence obtained from them to be illegal. The act authorized only the Attorney General of the United States or an Assistant Attorney General designated by the Attorney General to be empowered to provide electronic surveillance.

In its reasoning, the Court in *Wierzchucki,* supra, points out that it was the intention of Congress to make certain that every such invasion of privacy occasioned by a wiretap would have the personal attention of the

individual appointed by the President and confirmed by the Senate. The Court recognized the awesome power conferred upon the government by the statute since serious and basic constitutional rights were involved. The Congress intended the power to be "exercised with circumspection, re-enforced with ready identification of the person who was responsible for its use." Only by requiring strict compliance with the statute can the probabilities of abuse be minimized when such serious rights are involved.

In the instant case, serious Fifth Amendment rights are involved in that under the Pennsylvania Immunity Act a person can be compelled to give testimony against himself. It follows that the statute conferring such power must be strictly construed by the government in order to minimize the judicial abuse of power which could occur otherwise. Only the "Attorney General" is designated as the petitioning party so that he is the only party to the proceeding and under Rules 206 and 1024 of the Pennsylvania Rules of Civil Procedure he should have been the one to verify the facts contained in the petition unless cogent reasons were set forth as to why his verification does not appear.

The Pennsylvania Immunity statute is a weapon given by the Legislature to the government to circumvent constitutional rights against self-incrimination. The Act has been held to be constitutional, *Riccobene Appeal*, 439 Pa. 404, 268 A. 2d 104 (1970), but because of its exceptional nature and because it deals with basic constitutional rights, it must certainly require strict construction. *La Russa Appeal*, 232 Pa. Superior Ct. 272, 332 A. 2d 553 (1974).

To be effective in this petition, this verification by one other than the Attorney General must set forth the reasons why the petitioner, the Attorney General, failed to take the affidavit, the basis for the third parties' authority to take the affidavit and the nature and source of the knowledge upon which the verification is based.

The verification of the original petition was made by an Assistant Attorney General and reads as follows: "Peter Noel Duhamel, being duly sworn according to law, deposes and says that the facts set forth in the foregoing petition are true and correct to the best of his knowledge, information and belief." Counsel for the appellant called the defect in the verification to the attention of the court below and subsequently, without notice to the appellant, the court below permitted the substitution of the amended petition in which the Assistant Attorney General joined the Attorney General as a co-petitioner and an amended verification. Again, verification by the Assistant Attorney General was attached which reads as follows: "Peter Noel Duhamel, being duly sworn according to law, deposes and says that he makes this affidavit on his own behalf as well as on behalf of Israel Packel, Attorney General, being thereunto duly authorized, that the facts set forth in the foregoing petition are true and correct to the best of his knowledge, information and belief."

The joining of the Assistant Attorney General as a co-petitioner was at best mere surplusage because the act designates only the Attorney General as a petitioner. The only difference between the affidavit in the amended petition and that of the original petition is the allegation that the affiant was duly authorized to take the affidavit on behalf of the Attorney General. There is no explanation of any reason why the Attorney General failed to take the verification nor the source and nature of the knowledge upon which the verification by the third party is based.

It is unexplained why the Attorney General did not take the affidavit at the time of the execution of the petition in such an important matter and even more inexplicable is why, when the defect was called to the attention of the court below, the Attorney General again failed to execute the verification without an ex-

planation. The affidavit is defective under the Act of April 9, 1915, supra, and such defect is a jurisdictional defect. See, *Warren v. Williams*, supra, *Madigan Appeal*, supra. Because of lack of proper verification, the petition is defective and must fall.

The order of the court below is reversed and the defendant discharged.

JACOBS, J., dissents.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.