## Martorano Appeal.

Argued November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Paul D. Sulman,* for appellant.

*Mark A. Klugheit,* Assistant Attorney General, with him *Walter M. Phillips, Jr.,* Deputy Attorney General, for appellee.

OPINION BY WATKINS, P. J., January 16, 1975:

This appeal involves a citation for contempt against the appellant for his refusal to testify before the 1974 Special Investigating Grand Jury pursuant to a grant of immunity under the Act, November 22, 1968, P. L. 1080, 19 P.S. §640.1 et seq.

On August 16, 1974, Raymond Martorano, the appellant, appeared before the grand jury pursuant to a subpoena. The appellant refused to answer certain questions directed to him, claiming his constitutional right against self-incrimination. He was then excused and directed to appear on September 4, 1974 when he again refused to answer for the same reason. The prosecution then filed a petition of the Attorney General for the grant of immunity under the Pennsylvania Immunity Act, supra. The Court after an in camera proceeding at which the prosecution convinced the court of the need of immunity, by order granted immunity to the appellant. After the grant of immunity, the appellant persisted in his refusal to answer questions directed to him and on September 5, 1974 he was cited for contempt by the court and ordered to undergo confinement for

a period of six (6) months until he purged himself by testifying pursuant to the grant of immunity.

The appellant raises many serious questions regarding the grant of immunity in this appeal, among which are the propriety of citing the appellant for contempt a second time after he had already served six (6) months at a previous time for failing to answer questions. *Martorano Appeal,* 225 Pa. Superior Ct. 474, 310 A. 2d 683 (1973), discussed the validity of the in camera proceeding at which the prosecution established the need for immunity in the absence of the appellant which he contends flies in the face of the Pennsylvania Immunity Act, supra, which requires a hearing, and whether the court was authorized to cite appellant for civil contempt when the Act specifically states that a recalcitrant witness shall be cited for criminal contempt. See, Dissenting Opinion by HOFFMAN, J., *Martorano Appeal,* supra, at page 484.

These questions have been raised and litigated before on appeal and decided adversely to the appellant's position. *Riccobene Appeal,* 439 Pa. 404, 268 A. 2d 104 (1970), followed by *Martorano Appeal,* supra. The Supreme Court in *Riccobene Appeal,* supra, in which the Majority Opinion was written by the late Chief Justice John C. BELL, with two Justices concurring and one Justice concurring in the result, held that the hearing provided in the Act is primarily a matter between the prosecuting agency and the judge and no full-scale adversary proceeding is required. Bound, as this Court was by that decision, we followed it in the *Martorano Appeal,* supra.

In view of the close division of the Supreme Court in *Riccobene,* supra, and the number of appeals now pending before both Courts, it is respectfully suggested that a re-examination of the entire area of the Pennsylvania Immunity Act be made, especially as regards the hearing of the language of the Act as it conveys the in-

tention of the legislature as follows: "The order to testify *shall* not be given except upon an order of the court *after a hearing in which the Attorney General has established a need for the grant of immunity. . . .*" (Emphasis-The Opinion Writer) The in camera hearing between the Attorney General and the Judge smacks of the much abhored "star chamber" proceedings and fails to carry out the intention of the legislative enactment.

However, we must decide this case on other grounds since in our opinion in *Falone Appeal,* 231 Pa. Superior Ct. 388, 332 A. 2d 558 (1975), we held that a petition for grant of immunity must be verified by the Attorney General of the Commonwealth because he is the only person so authorized by the Act to seek such a petition and under the law and the Pennsylvania Rules of Civil Procedure (See *Falone Appeal,* supra) the party to a petition must be the one who verifies it unless cogent reasons are given as to why this cannot be done.

In the instant case as in *Falone,* supra, it was someone other than the Attorney General who took the affidavit verifying the petition. No reasons were submitted as to why the Attorney General himself, could not have verified the petition himself. The Pennsylvania Immunity Act must be strictly construed as serious constitutional rights are involved and as the verification was clearly improper, we reverse the order of the court below citing the appellant for contempt and discharge him.

JACOBS and SPAETH, JJ., concur in result.