346 A.2d 82
In re Salvatore LaRUSSA.

Appeal of COMMONWEALTH of Pennsylvania.

Supreme Court of Pennsylvania.

Argued Jan. 13, 1975.

Decided Oct. 3, 1975.

87

Peter Noel Duhamel, Asst. Atty. Gen., Walter M. Phillips, Jr., Deputy Atty. Gen., Philadelphia, for Commonwealth, appellant.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is one of three companion cases [1] in which this Court must interpret the Act of November 22, 1968, P.L. 1080, 19 P.S. §§ 640.1–.6 (Supp.1974).

### I.

On January 31, 1974, the Philadelphia Court of Common Pleas convened a special grand jury to investigate, among other things, alleged corruption in the Philadel-

[1]. See In re Falone, 464 Pa. 42, 346 A.2d 9 (1975); In re Martorano, 464 Pa. 66, 346 A.2d 22 (1975).

phia Police Department.[2]  Pursuant to a subpoena, appellee Salvatore LaRussa appeared before the grand jury on August 2, 1974.  At this proceeding, he was questioned about bribes he allegedly paid to police officers on behalf of his employer and about his knowledge of other bribes paid by his employer.  Appellee invoked his constitutional privilege [3] and refused to answer on the ground that his replies might be self-incriminating.

On August 16, 1974, the Attorney General petitioned the supervising court to grant appellee immunity and to order him to testify before the grand jury.  The petition asserted that the grand jury was investigating police corruption and that it was necessary to grant immunity to obtain appellee's testimony about alleged payments to police officers.  After a hearing conducted that day, the supervising court granted the petition.

Appellee immediately returned to the grand jury but persisted in refusing to answer its questions.  He was once again brought before the supervising court.  The court, after giving appellee another opportunity to answer the questions, found appellee to be in civil contempt of court and ordered him confined for a period of six months or until he purged himself of contempt.

The same day, appellee filed an appeal in the Superior Court.  Later that day, the Superior Court set bail and, when bail had been posted, appellee was released.  On December 11, 1974, the Superior Court reversed the supervising court's contempt citation.  232 Pa.Super. 272, 332 A.2d 553 (1974).[4]  The Commonwealth petitioned this Court for allowance of appeal.  The petition was granted.[5]  On July 7, 1975, recognizing the need for a

2.  See In re Investigation of the January, 1974, Philadelphia Grand Jury, 458 Pa. 586, 328 A.2d 485 (1974).

3.  See U.S.Const. Amends. V & XIV;  Pa.Const. art. I, § 9.

4.  Judges Cercone and Jacobs filed separate dissenting opinions. Judge Spaeth joined both dissents.

5.  See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a);  17 P.S. § 211.204(a) (Supp.1974).

speedy disposition of this case, we filed an order reversing the order of the Superior Court and reinstating the order of the court of common pleas. We noted that these opinions would follow.

## II.

The Superior Court decided that the Attorney General's petition was insufficient in that it failed to establish that appellee's testimony was related to "organized crime or racketeering." [6] In its view, the petition only alleged that appellee had made "isolated" corrupt payments to police officers. It concluded that the supervising court erred in granting appellee immunity and ordering him to testify. It therefore held that the contempt citation and the sanctions imposed were invalid.

In so holding, the Superior Court misinterpreted the Act.[7] Section 1 of the Act states the circumstances under which immunity may be granted.

"If, in a proceeding relating to organized crime or racketeering before a court, grand jury or investigating body set up by legislative enactment or by order of the Governor, any person shall refuse to testify or to produce evidence of any other kind on the ground that his testimony or evidence may tend to incriminate him, that person may be ordered to give such testimony. The order to testify shall not be given except upon an order of court after a hearing in which the attorney general has established a need for the grant of immunity, as hereinafter provided."

██  Under the Act, a court may grant immunity to a witness and order him to testify only if the proceeding in

6. No other objection to either the form of the petition or the content of the hearing is asserted by appellee.

7. The Superior Court resolved that the Act must be strictly construed. In our view strict construction is inappropriate. This issue is fully discussed in In re Falone, supra, 464 Pa. at 42, 346 A.2d at 9.

which his testimony is sought relates to "organized crime or racketeering." The Act does not require that the witness know specifically of any organized criminal or racketeering activities. Nor does the Act require that the witness's testimony, standing alone, establish the existence of either "organized crime or racketeering."

If the proceeding, rather than the testimony, relates to "organized crime or racketeering," the court is authorized to grant immunity and order the witness to testify if the other requirements of the Act are satisfied. See *In re Falone*, 464 Pa. 42, 346 A.2d 9 (1975). Here, the investigating grand jury was impanelled to inquire into, among other things, systematic police and official corruption. See *In re Investigation of the January, 1974, Philadelphia Grand Jury*, 458 Pa. 586, 590 n. 1, 328 A.2d 485, 487 n. 1 (1974). Thus, the scope of the grand jury's investigation clearly relates to "organized crime or racketeering" as defined by the Act. See Act of November 22, 1968, P.L. 1080, § 6, 19 P.S. § 640.6 (Supp.1975).

■ Moreover, we conclude that the Commonwealth establishes an adequate basis upon which the supervising court could find that there was sufficient need to grant immunity. The supervising court found 1) that the grand jury is mandated to investigate police corruption; 2) that the grand jury was reliably informed that LaRussa had paid bribes to members of the Philadelphia Police Department, from which it may be inferred that he possessed information relevant to the subject of the investigation; 3) that obtaining LaRussa's testimony was necessary to the grand jury's proceeding; and 4) that because LaRussa had invoked his privilege against self-incrimination his testimony could not be obtained if immunity were not granted. See *In re Falone*, 464 Pa. 42, 346 A.2d 9 (1975).

It must be concluded that the Superior Court erred in reversing the supervising court's order. In accordance with the order of July 7, 1975, we reverse the order of

the Superior Court and reinstate the order of the court of common pleas holding appellee in contempt of court.

So ordered.

EAGEN, J., concurs in the result.

MANDERINO and NIX, JJ., file dissenting opinions.

MANDERINO, Justice (dissenting).

I dissent. I cannot agree with the view expressed by the majority that strict construction of the Act is inappropriate. Strict construction of legislation is the only appropriate standard when a citizen's freedom is sought to be curtailed. I would affirm the order of the Superior Court for the reasons contained in the Superior Court's opinion. *See In re January, 1974, Special Investigating Grand Jury*, 231 Pa.Super. 395, 332 A.2d 534 (1975).

NIX, Justice (dissenting).

In the instant case appellee was subpoenaed before a grand jury investigating alleged corruption in a Philadelphia Police Department. I believe that § 640.1 [1] was not designed to grant immunity to citizens allegedly involved in individual acts of corruption; rather to investigate the vast networks of true conspiratorial activity by those involved in organized crime. Therefore, I dissent for the reasons expressed in Part II of my dissent in *In re Falone*, 464 Pa. 42, 346 A.2d 9 (1975).

[1]. Act of November 22, 1968, P.L. 1080, 19 P.S. § 640.1 et seq. (Supp.1974–75).