450 A.2d 729

**Geraldine HUTCHINGS & Dorothy White & Samuel White, Appellants,**

**v.**

**Jerry TRENT & Overland Coach Lines, Inc.**

Superior Court of Pennsylvania.

Argued June 4, 1982.

Filed Sept. 17, 1982.

Allen L. Feingold, Philadelphia, submitted a brief on behalf of appellants.

Michael P. McKenna, Philadelphia, for appellees.

Before HESTER, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from an order granting a petition to open a default judgment. Since the order was entered prematurely, we remand for further proceedings.

On July 15, 1978, plaintiffs/appellants, Geraldine Hutchings and Dorothy White (hereinafter "appellants") were passengers in a bus owned by defendant/appellee, Overland Coach and driven by defendant/appellee, Jerry Trent (hereinafter "appellees"). Appellants allege that they sustained personal injuries when the bus stopped suddenly and threw them about. The incident allegedly took place in Hanover County, Virginia. Appellants are residents of Philadelphia. Appellee/Overland is a corporation which regularly does business in Philadelphia and Hanover County, Virginia.

On June 16, 1980, appellants filed a complaint in trespass in the Court of Common Pleas of Philadelphia County against appellees. Service was made at appellee's office in Virginia on June 17, 1980 by certified mail. Subsequently,

on July 15, 1980, appellant/Dorothy White, only, filed another complaint in trespass in the Circuit Court of the County of Hanover against appellees. Service was made on appellees in their Virginia office on July 18, 1980.

Though appellees timely entered an appearance in the Virginia action, no appearance was entered or answer filed in the Pennsylvania action. Default judgment was taken against appellees on September 3, 1980 in the Pennsylvania suit. On January 8, 1981, appellee filed a petition to open judgment. The petition was granted on March 25, 1981. It is from this order that this appeal was taken.

■■■ It is well settled that a petition to open judgment is an appeal to the equitable powers of the court and is a matter largely within its discretion. *Zinck v. Smashy's Auto Salvage, Inc.,* 250 Pa.Super. 553, 378 A.2d 1287 (1977). Before granting the petition to open in a trespass action, the petitioner must establish that: 1) the petition was promptly filed after the judgment was entered, and 2) a legitimate explanation exists for the default. If the equities are otherwise clear, a meritorious defense need not be demonstrated. *Corprew v. Prudential Ins. Co. of America,* 286 Pa.Super. 302, 428 A.2d 1003 (1981).

Appellant argues that none of these requirements was met and the lower court abused its discretion in opening the default judgment. Appellant also contends that the lower court erred in opening the judgment where no depositions were taken and there were contested issues of fact.

■■ Initially, we will consider whether the petition was promptly filed. The lower court, in its opinion, stated:

There is no dispute that defendants notified plaintiffs' counsel immediately upon notice of the entry of the default judgment. By letter of September 25, 1980, counsel for the parties agreed that settlement negotiations would continue but should they prove fruitless, defendants would petition to open judgment. Further, counsel agreed that such petition would be considered timely filed. The parties were unable to reach an agreement and the petition to

open was filed on January 8, 1981. Accordingly, timeliness of this petition is not at issue herein.

The court's conclusion that timeliness was not at issue and there was no dispute that appellee had contacted appellant's counsel immediately upon notice of default is simply not supported by the present state of the record.

In its petition to open, appellee alleged that counsel entered into an agreement to the effect that any delay in filing the petition would not be raised while settlement discussions were held. No factual allegations were made concerning when appellee first received notice of the entry of judgment and when appellee contacted appellant's counsel and entered into the "stay" agreement. In his answer to the petition to open, and in an accompanying memorandum of law, appellant disputed that he had agreed that the petition, if and when filed, would be considered timely. In particular, appellant argued that the letter which contained the "stay" agreement, merely provided that the petition to open when filed, would be considered filed as of the date appellee first contacted appellant after judgment was entered. Appellant also denied that appellee acted promptly upon discovery of the default.

The letter in question states in pertinent part:

If settlement does not occur and we cannot agree on the opening of judgment, any petition that you file for the opening of judgment will be considered filed as of the date of your first contact with our office after you found that judgment had been entered and you had requested that we open same.

The wording of the letter would seem to be consistent with appellant's averments that timeliness of the petition was in issue. Therefore, the court was incorrect in finding that counsel had agreed that the petition would be considered timely filed.

Furthermore, the court's conclusion that there was no dispute that appellee had notified appellant's counsel immediately upon discovery of default was erroneous. Appellant, in its answer to the petition, denied that appellee had acted

promptly. Appellee's assertion that the promptness require-
ment was met, while possibly true and may be proven on
remand, was a contested factual issue which could not be
resolved without the benefit of admissions or depositions.
*See, Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129,
403 A.2d 577 (1979).

We now consider whether appellee has adequately ex-
plained the reason for failing to enter an appearance or file
an answer in the Pennsylvania action. In its petition to
open, appellee states that it was served with the Pennsylva-
nia complaint by certified mail on June 17, 1980. In aver-
ment four of its petition, appellee maintains that these
papers were immediately sent to its insurance representa-
tive. In averment seven, appellee alleges that through
clerical oversight, as a result of the confusion created by the
institution of two separate actions in two separate jurisdic-
tions, the Pennsylvania suit papers were not sent to the
insurance company until after judgment had been entered.
Appellant's answer to the petition denied these allegations
and demanded strict proof thereof. Specifically, appellant
alleged that no confusion resulted from the filing of the two
suits because the form of the suit papers was totally differ-
ent and appellee failed to give an explanation as to why the
normal office procedure for sending papers, regardless of
their content, to their insurer was not followed in this
particular instance.[1]

Our court has held that when a respondent effectively
denies material allegations in a petition to open, the peti-
tioner must support his position with clear and convincing
proof. *Johnson v. Leffring,* 211 Pa.Super. 84, 235 A.2d 435
(1967). The procedure for providing such proof is dictated
by Pa.R.C.P. 209; it was not followed here.

Pa.R.C.P. 209 provides:

1. Appellee/Overland's normal office procedure when it received pa-
pers involving any accident was to automatically transfer them to
another envelope and send them immediately to their insurance
representative. This was done whether Overland understood what
the papers were or not.

If, after the filing and service of the answer, the moving party does not within fifteen days; (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

██ Thus, petitioner bears the burden of supporting his allegations of fact by depositions. *Retzbach v. Berman,* 222 Pa.Super. 523, 294 A.2d 917 (1972). Only after petitioner is ruled to proceed, and fails to take depositions or order the cause for argument on the petition and answer, will the factual averments of respondent be taken as true. *Smith v. Dale,* 405 Pa. 293, 175 A.2d 78 (1961).

In the instant case, when the lower court ruled on the petition, neither party had taken any action under Rule 209. Petitioner had not taken depositions or ordered the cause for argument on petition and answer, and respondent had not served a rule on petitioner to show cause why depositions should not be taken or the matter ordered for argument on the petition and answer.

Based on the petition and answer alone, the court opened the default judgment. This decision was clearly premature. *See, Shainline, supra; Instapak v. S. Weisbrod Lamp & Shade,* 248 Pa.Super. 176, 374 A.2d 1376 (1977). Apparently, the lower court believed averment seven of appellee's petition, and disregarded appellant's answer, in concluding that the default was reasonably explained.

On the issue of whether appellee's confusion when served in two lawsuits legitimately explained his default, the court had no evidence,[2] only contradictory pleadings. Thus, the court had no basis for preferring appellees' version over that of appellants'. *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974). We, therefore, must remand to the lower court for further proceedings consistent with Rule 209. *Shainline, supra; Instapak, supra.*

The order of the lower court is reversed and the matter remanded for further proceedings consistent with this Opinion. Jurisdiction is relinquished.

---

**2.** The closest thing to evidence in the record were the statements, attached to appellee's petition to open, of Harry V. Mitchell, owner of Overland Coach and of Cecilia C. McNally, Claims Supervisor for Overland's insurer. These statements were in the form of depositions but were in fact taken ex parte, depriving appellant's counsel of the opportunity to cross-examine on the issues presented in the petition to open.