310 Pa. Superior Ct. 526 (1983)
456 A.2d 1060
PHILADELPHIA CITY EMPLOYEES FEDERAL CREDIT UNION, a Corporation
v.
Ralph BRYANT and Geraldine Bryant, Individual and his Wife, Appellants.
Superior Court of Pennsylvania.
Argued February 18, 1982.
Filed February 18, 1983.
*527 Elliott B. Platt, Philadelphia, for appellants.
Robert Cherwony, Philadelphia, for appellee.
*528 Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.
JOHNSON, Judge:
Appellants Ralph and Geraldine Bryant appeal from an Order denying their Petition to Strike or Open a default judgment. For the following reasons, we vacate the Order and remand.
Appellee corporation filed a complaint in assumpsit in May of 1980 alleging breach of the terms of two separate loan agreements. The first count of the complaint alleged breach of the terms of a promissory note in the amount of $5,633.42 executed by both Appellants. Count two alleged breach of the terms of a second note in the amount of $2,000.00 executed by Ralph Bryant only. The note executed by both Appellants noted collateral as "shares and real estate". Preliminary objections were filed on behalf of Appellants and denied with Appellants granted leave to file an answer within twenty days.
Appellee praeciped for a default judgment on December 8, 1980, after Appellants failed to file an answer. Appellants' Petition to Strike or Open was filed on December 24, 1980 and denied on May 14, 1981.
Appellants raise three issues on appeal: (1) did the trial court err in denying the Petition to Strike where Appellees failed to comply with the notice provisions of 41 P.S. § 101 et seq.[1] involving residential mortgage obligations, (2) did the trial court err in refusing to open the default judgment where Appellants had adequately proved all elements necessary for the opening of a default judgment, including Appellee's *529 failure to give notice to Appellants pursuant to Pa.R. C.P. 237.1 and (3) did the trial court err in ruling on Appellants' Petition when neither party had taken any action under Pa.R.C.P. 209.
Because of our determination that the Order denying Appellants' Petition must be vacated on the grounds of Pa.R.C.P. 209, we need not address the remaining issues raised by Appellants.
As stated in Shainline v. Alberti Builders, Inc., 266 Pa.Super. 129, 133-4, 403 A.2d 577, 579 (1979):
Our task on review is well settled. A petition to open a default judgment in assumpsit is an appeal to the equitable power of the court and is to be exercised only when three factors coalesce: 1) the petition has been promptly filed; 2) a meritorious defense can be shown; 3) there is a reasonable excuse for failure to file an answer. McCoy v. Public Acceptance Corp., 451 Pa. 495, 305 A.2d 698 (1973); Balk v. Ford Motor Company, 446 Pa. 137, 285 A.2d 128 (1971); St. Joe Paper Company v. Marc Box Company, Inc., 260 Pa.Super. 515, 394 A.2d 1045 (1978). This court will not reverse a lower court ruling, either opening or refusing to open a default judgment, unless an error of law or a clear, manifest abuse of discretion is shown. Kraynick v. Hertz, 443 Pa. 105, 277 A.2d 144 (1971); Epstein v. Continental Bank & Trust Company, 260 Pa.Super. 522, 394 A.2d 1049 (1978); Nevils v. Chernitsky, 244 Pa.Super. 501, 368 A.2d 1297 (1976).
Appellants alleged in their Petition to Strike or Open that the note described in count one of the complaint was in fact a mortgage on Appellants' residence. Appellee's responsive pleading to Appellants' Petition specifically denies that the note was in fact a residential mortgage.
When a respondent effectively denies material allegations in a petition to open a default judgment, the petitioner must support his position with clear and convincing proof. Bell v. Jefferson Republican Club, 304 Pa.Super. 157, 450 A.2d 149 (1982); Shainline v. Alberti Builders, Inc., supra. *530 Pa.R.C.P. 209 supplies the procedure for establishing such proof.
Rule 209 states:
RULE 209. Duty of Petitioner to Proceed After Answer Filed
If, after the filing and service of the answer, the moving party does not within fifteen days:
(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or
(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.
At the time the trial court made its determination on Appellants' Petition, no proof had been presented by either party in support of the allegations as to whether or not the instrument sued upon involved a residential mortgage. These allegations presented the trial court with a question of fact as to whether a residential mortgage was indeed involved.[2]
*531 A petitioner's failure to take depositions does not automatically trigger Rule 209, to operate as an admission of all averments of fact in the answer to the petition. Bell v. Jefferson Republican Club, supra. Only when the petitioner himself orders the cause for argument on the pleadings or, when the petitioner ignores a rule absolute to move for depositions, can the factual averments of a responsive answer be taken as true against the petitioner. Id.
Here, appellee as the moving party did not proceed by rule or agreement of counsel to take depositions; neither did appellee order the cause for argument on petition and answer; neither did appellant as respondent take a rule on appellee to show cause why it should not either proceed to take depositions or order the cause for argument on petition and answer. Instead, with only the petition and the answer, the lower court granted the petition. That decision was premature. The dispositive issue is whether appellee's counsel did or did not have a mistaken belief about the date by which an answer had to be filed, and on that issue the court had before it no evidence, only contradictory pleadings. Such being the case, the court had no proper basis for preferring one party's version to the other party's. White v. Alston, 231 Pa.Super. 438, 331 A.2d 765 (1974).
Instapak Corp. v. S. Weisbrod Lamp & Shade Co., 248 Pa.Super. 176, 181-2, 374 A.2d 1376, 1379 (1977) (footnotes omitted).
In the instant case, the trial court decided the petition on the petition and answer alone, instead of waiting for either party to take action under Rule 209. The Rule places no time limits on either party to take action and therefore, at the time the trial court made its rulings on the petition, either party had the option to take a rule on the other to proceed under Rule 209. Until either party took action, or until some other force spurred matters along, the court should not have acted. See Shainline v. Alberti Builders, *532 Inc., supra; Maurice Goldstein Company, Inc. v. Margolin, 248 Pa.Super. 162, 374 A.2d 1369 (1977).
Therefore we vacate the Order of May 14, 1981 and remand for further proceedings consistent with this opinion.
It may well be that upon remand the trial court will reach the same result.
Jurisdiction is not retained.
NOTES
[1] Act of January 30, 1974, P.L. 13, No. 6, as amended. Section 403(a) states:

§ 403. Notice of intention to foreclose
(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.
[2] A determination as to whether this case involves a residential mortgage is crucial to the resolution of the issue of proper notice of the default judgment. If a residential mortgage is involved, then notice is required under 41 P.S. § 101 et seq. See also Pa.R.C.P. 237.1(b)(2). If a residential mortgage is not involved, then notice under Pa.R.C.P. 237.1(a) is required, unless the default judgment was entered pursuant to an order of court. See Pa.R.C.P. 237.1(b)(1).

Therefore, before the primary issue of proper notice can be addressed in the instant case, it must be determined whether a residential mortgage is, in fact, involved. We expect the trial court to address itself to this issue on remand.