462 A.2d 1346

**Robert J. TRIFFIN, T/A General Funding, Appellant,**

v.

**Anita THOMAS, Ind. and T/A Anita Thomas, First Lady of Mirrors.**

Superior Court of Pennsylvania.

Argued March 1, 1982.

Filed July 1, 1983.

Robert J. Triffin, Philadelphia, appellant, in propria persona.

Sheldon C. Jelin, Philadelphia, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, J.: *

The present appeal was taken from an order opening a default judgment. Because the order was based solely on petition and answer, without evidence from which a determination of disputed factual issues could be made, we reverse and remand for further proceedings.

■ It is now well settled that when a respondent effectively denies material allegations in a petition to open judgment, the petitioner must support his position with evidence. *Bell v. Jefferson Republican Club*, 304 Pa.Super. 157, 161, 450 A.2d 149, 151 (1982). Accord: *Philadelphia City Employees Federal Credit Union v. Bryant*, 310 Pa.Super. 526, 529, 456 A.2d 1060, 1062 (1983); *Hutchings v. Trent*, 304 Pa.Super. 376, 380, 450 A.2d 729, 731 (1982); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 135, 403 A.2d 577, 580 (1979); *Zinck v. Smashy's Auto Salvage, Inc.*, 250 Pa.Super. 553, 556, 378 A.2d 1287, 1288 (1977); *Johnson v. Leffring*, 211 Pa.Super. 84, 87, 235 A.2d 435, 436–437 (1967). The procedure for establishing such evidence is contained in Pa.R.C.P. 209.[1] Pursuant to that rule,

* The preparation of an opinion for the court was reassigned to the writer on May 16, 1983.

1. Pa.R.C.P. 209 provides:
   **Rule 209.** Duty of Petitioner to Proceed After Answer Filed
   If, after the filing and service of the answer, the moving party does not within fifteen days:

"the petitioner must either take depositions on disputed factual issues or order the cause for argument on the petition and answer, thereby conceding the existence of all facts properly pleaded in the answer. Or, the respondent may, after fifteen days, in order to expedite the proceedings, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer." *Bell v. Jefferson Republican Club, supra,* 304 Pa.Superior at 161, 450 A.2d at 151 (citations omitted). Accord: *Paules v. Sminkey,* 290 Pa.Super. 223, 227, 434 A.2d 724, 726 (1981); *Duffy v. Gerst,* 286 Pa.Super. 523, 538, 429 A.2d 645, 653 (1981); *Shainline v. Alberti Builders, Inc., supra,* 266 Pa.Superior at 137, 403 A.2d at 580–581; *American Corporation v. Cascerceri,* 255 Pa.Super. 574, 580 n. 6, 389 A.2d 126, 129 n. 6 (1978); *Zinck v. Smashy's Auto Salvage, Inc., supra,* 250 Pa.Superior at 556–557, 378 A.2d at 1288; *Instapak Corporation v. S. Weisbrod Lamp & Shade Company, Inc.,* 248 Pa.Super. 176, 181–182, 374 A.2d 1376, 1378–1379 (1977); *Maurice Goldstein Company v. Margolin,* 248 Pa.Super. 162, 166–167, 374 A.2d 1369, 1371 (1977).

Robert J. Triffin, t/a General Funding, filed a complaint containing averments that he had purchased from Inter County Publishing Co., t/a "The Leader", a claim against Anita Thomas, t/a Anita Thomas First Lady of Mirrors, for newspaper advertising in the amount of $576 plus interest at the rate of 1½ percent per month. The complaint was served upon the defendant, appellee herein, on February 19,

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

1981. On March 25, 1981, the plaintiff, appellant herein, caused a default judgment to be entered against the defendant-appellee for want of an answer.[2] On April 27, 1981, appellee filed a petition to open the judgment, in which it was alleged, inter alia, that the default had occurred because of a late delivery of the complaint to appellee's attorney and that appellee had "never ordered the advertising." The petition also contained an averment that appellant had failed to register his fictitious name[3] and that interest at the rate of 18 percent per annum was usurious. On May 18, 1981, appellant filed a "Reply and New Matter," in which he denied the allegation that the advertising had not been ordered and averred that "after reasonable investigation, plaintiff is without knowledge or information sufficient to form a belief as to the truth" thereof. For the same reason he denied that the interest included in the default judgment was usurious. In "New Matter," he contended that appellee had failed to explain adequately the default. Both parties filed memoranda of law, and on July 8, 1981, without receiving evidence via depositions or in any other manner, the court granted appellee's petition and opened the judgment.

A petition to open a default judgment in assumpsit is an appeal to the equitable power of the court. *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130 (1971); *Penneys v. Richard Kastner Company, Inc.*, 297 Pa.Super. 167, 169, 443 A.2d 353, 354 (1982); *Carson Pirie Scott & Co. v. Phillips*, 290 Pa.Super. 353, 356, 434 A.2d 790, 791 (1981). As a general rule, this power will not be exercised unless three factors coalesce: (1) the petition must have been promptly filed; (2) a meritorious defense must exist; and (3) there must be a reasonable excuse for the failure to file a timely answer. *Commonwealth, Department of*

---

2. The praecipe for judgment contained a certification that ten days' notice of intention to enter a default judgment had been mailed or delivered to defendant-appellee, but a copy of such notice was not attached to the praecipe. See: Pa.R.C.P. 237.1.

3. The complaint contained an averment that appellant's use of the name "General Funding" had been properly registered.

*Transportation v. Nemeth*, 497 Pa. 580, 583, 442 A.2d 689, 691 (1982); *Kennedy v. Frank L. Black Jr., Inc.*, 492 Pa. 397, 401, 424 A.2d 1250, 1252 (1981); *Balk v. Ford Motor Co., supra*, 446 Pa. at 140 & n. 3, 285 A.2d at 130–131 & n. 3; *Philadelphia City Employees Federal Credit Union v. Bryant, supra*, 310 Pa.Superior at 529, 456 A.2d at 1062; *Butterbaugh v. Westons Shopper City, Inc.*, 300 Pa.Super. 331, 334 & n. 1, 446 A.2d 641, 642 & n. 1 (1982); *American Vending Company, Inc. v. Brewington*, 289 Pa.Super. 25, 28, 432 A.2d 1032, 1034 (1981); *Shainline v. Alberti Builders, Inc., supra*, 266 Pa.Superior at 133–134, 403 A.2d at 579. An appellate court will not reverse a trial court's ruling, whether opening or refusing to open a default judgment, unless it is shown that the court committed an error of law or manifestly abused its discretion. *Kennedy v. Frank L. Black Jr., Inc., supra*, 492 Pa. at 401, 424 A.2d at 1252; *Balk v. Ford Motor Co., supra*, 446 Pa. at 140, 285 A.2d at 131; *Philadelphia City Employees Federal Credit Union v. Bryant, supra*, 310 Pa.Superior at 529, 456 A.2d at 1062; *Penneys v. Richard Kastner Company, Inc., supra*, 297 Pa.Superior at 169, 443 A.2d at 354; *Carson Pirie Scott & Co. v. Phillips, supra*, 290 Pa.Superior at 356, 434 A.2d at 791; *Duffy v. Gerst, supra*, 286 Pa.Superior at 532–533, 429 A.2d at 650; *Cruse v. Woods*, 279 Pa.Super. 242, 245, 420 A.2d 1123, 1124 (1980); *Shainline v. Alberti Builders, Inc., supra*, 266 Pa.Superior at 134, 403 A.2d at 579.

▆▆▆ The petition to open the default judgment in this case was filed on April 27, 1981, and appellant concedes that the requirement of promptness was met. However, appellant is correct when he argues that the record in its present state does not permit a determination that appellee's default should be excused. The petition contains averments that the defendant-appellee was informed erroneously regarding the exact date of service and that the answer to the complaint was timely prepared but inadvertently delivered late to the prothonotary for filing by counsel. These averments have been effectively denied by appellant. After appel-

lant's answer to the petition was filed, neither party proceeded under Pa.R.C.P. 209 to provide the court with the facts required to decide the petition to open. The failure to take depositions did not automatically trigger Rule 209 and operate as an admission by appellee of the averments of fact contained in the answer. Such facts will be deemed admitted only when the petitioner has ordered the cause for argument on the pleadings or when the petitioner has ignored a rule absolute to move for depositions. *Philadelphia City Employees Federal Credit Union v. Bryant, supra*, 310 Pa.Superior at 531, 456 A.2d at 1063; *Hutchings v. Trent, supra*, 304 Pa.Superior at 381, 450 A.2d at 731; *Bell v. Jefferson Republican Club, supra*, 304 Pa.Superior at 161, 450 A.2d at 151; *Shainline v. Alberti Builders, Inc., supra*, 266 Pa.Superior at 137 n. 4, 403 A.2d at 580 n. 4. Here, as in *Instapak Corporation v. S. Weisbrod Lamp & Shade Company, Inc., supra*, "appellee as the moving party did not proceed by rule or by agreement of counsel to take depositions; neither did appellee order the cause for argument on petition and answer; neither did appellant as respondent take a rule on appellee to show cause why it should not either proceed to take depositions or order the cause for argument on petition and answer. Instead, with only the petition and the answer, the lower court granted the petition. *That decision was premature." Id.*, 248 Pa.Superior at 181–182, 374 A.2d at 1379 (footnote omitted) (emphasis supplied). It could not properly act until it was in a position to determine the disputed facts. See: *Hutchings v. Trent, supra*, 304 Pa.Superior at 381, 450 A.2d at 731; *Bell v. Jefferson Republican Club, supra*, 304 Pa.Superior at 161–63, 450 A.2d at 151–152; *Duffy v. Gerst, supra* at 538–539, 429 A.2d at 653–654; *J.C.S. v. D.M.S.*, 277 Pa.Super. 612, 622, 419 A.2d 1319, 1324 (1980); *Shainline v. Alberti Builders, Inc., supra*, 266 Pa.Superior Ct. at 137–138, 403 A.2d at 580–581; *America Corporation v. Cascerceri, supra* at 580 n. 6, 389 A.2d at 129 n. 6; *Zinck v. Smashy's Auto Salvage, Inc., supra*, 250 Pa.Superior Ct. at 556–557, 378 A.2d at 1288; *Maurice Goldstein Company v. Margolin, supra*, 248 Pa.Superior Ct. at 166–167, 374 A.2d at 1371. Rule 209 placed no time limits on either party

to proceed, and until either party took action that would enable the court to make a factual determination, or until some other force spurred matters along,[4] the court could not properly act on appellee's petition.

■ The averment in the petition to open that appellee did not order the newspaper advertising, if correct, is a complete defense to appellant's claim for the price thereof. It is fundamental that for an agreement to exist there must be an offer and acceptance which signifies that there has been a "meeting of the minds." *Hahnemann Medical College and Hospital of Philadelphia v. Hubbard,* 267 Pa.Super. 436, 439–440, 406 A.2d 1120, 1122 (1979). Without such assent there can be no enforceable agreement. *Rissmiller v. Evangelical Lutheran Congregation,* 268 Pa. 41, 110 A. 740 (1920); *Courier Times, Inc. v. United Feature Syndicate, Inc.,* 300 Pa.Super. 40, 54, 445 A.2d 1288, 1295 (1982); *Hahnemann Medical College and Hospital of Philadelphia v. Hubbard, supra.* Thus, it is inconsequential that appellant's assignor printed ads if, in fact, appellee did not order or agree to pay for them. See generally: 31 P.L.E., Sales § 12.

■ The defendant-appellee contends that the averments of fact in the petition must be deemed admitted because of appellant's failure to file an adequate answer thereto. Appellant's claim for the price of printing newspaper advertisements was based on an alleged contract. Therefore, a specific denial was necessary. It was inadequate to deny appellee's averment generally and aver that appellant had no knowledge of the existence of a contract after reasonable investigation. Such a response was so inherently incredible that under normal circumstances it would have to be deemed an admission. See: *Scales v. Sheffield Fabricating and Machine Co.,* 258 Pa.Super. 568, 393 A.2d 680 (1978); *Cercone v. Cercone,* 254 Pa.Super.

---

**4.** The court itself may set a timetable for the taking of depositions and for decision. See: *Shainline v. Alberti Builders, Inc., supra,* 266 Pa.Superior at 138 n. 5, 403 A.2d at 581 n. 5.

381, 386 A.2d 1 (1978); *Delaware Valley Carpeting Contractors, Inc. v. Leicht,* 73 D. & C.2d 51 (1975), *aff'd,* 234 Pa.Super. 714, 342 A.2d 419 (1975). See also: *Elia v. Olszewski,* 368 Pa. 578, 84 A.2d 188 (1951); *Tide Water Associated Oil Co. v. Kay,* 168 Pa.Super. 263, 77 A.2d 754 (1951); Goodrich-Amram 2d § 1029(c):1. However, appellee's petition was itself defective. Pa.R.C.P. 206 requires that every petition "containing allegations of fact which do not appear of record shall be verified by affidavit." This incorporates into petition practice the verification requirements of Pa.R.C.P. 1024 and requires verification by a party. Verification by another having knowledge of the facts will suffice only if the reason why the verification was not made by a party is recited. *Warren v. Williams,* 370 Pa. 380, 88 A.2d 406 (1952). The petition to open judgment in this case was verified by counsel without any explanation concerning the source of his information or the reason why the verification was not made by a party. This defect was not fatal to the petition. See: *Lewis v. Erie Insurance Exchange,* 281 Pa.Super. 193, 421 A.2d 1214 (1980); *Monroe Contract Corp. v. Harrison Square, Inc.,* 266 Pa.Super. 549, 405 A.2d 954 (1979); *Davis v. Safeguard Investment Company,* 239 Pa.Super. 300, 361 A.2d 893 (1976). See also: *George H. Althof, Inc. v. Spartan Inns of America, Inc.,* 295 Pa.Super. 287, 441 A.2d 1236 (1982). However, because the petition was itself defective, appellant's failure to file an adequate answer thereto cannot be deemed an admission. *Warren v. Williams, supra.* Thus, there is no admission by appellant that appellee has a defense to appellant's claim, and the existence of a defense to appellant's action in assumpsit must also be developed factually before appellee's petition to open can be determined. To entitle appellee to have the judgment opened, appellee must produce evidence which would require a jury to consider the contention that appellant's assignor acted as an officious volunteer and not pursuant to contract in printing advertise-

ments for which recovery is sought in the present assumpsit action.[5]

Reversed and remanded for proceedings consistent with this opinion.

Jurisdiction is not retained.

---

**5.** It seems clear that the portion of the judgment which depends on interest at the rate of 18 percent is usurious. Act of January 30, 1974, P.L. 13, No. 6, § 201, 41 P.S. 201. See generally: 19 P.L.E. Interest and Usury §§ 21, 23.