464 A.2d 494

**ESTATE OF Romano SILVESTRI**

**v.**

**Ronald KINEST and Asa Kinest, Appellants.**

Superior Court of Pennsylvania.

Argued April 14, 1983.

Filed Aug. 12, 1983.

16

Francis G. Janson, Philadelphia, submitted a brief on behalf of appellants.

Joseph S. Britton, Bristol, for appellee.

Before HESTER, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his petition to open a confessed judgment. He argues that his petition set forth a meritorious defense which gave rise to a jury issue, and that he properly preserved "a ground for relief by first raising it generally in his petition, then specifically in a subsequent memorandum of law." We disagree and, accordingly, affirm the order of the lower court.

In 1976, appellant and appellee entered into a lease agreement. On January 6, 1982, appellee filed a confessed judg-

ment against appellant based upon the lease's warrant of attorney. Appellant filed a petition to open the confessed judgment, and appellee answered. Appellant then filed a memorandum of law that presented arguments in support of his petition. The lower court denied the petition, prompting this appeal.

Appellant's position is that the lower court incorrectly disallowed the defenses raised in his petition to open. The petition averred (1) a specific defense, that appellee failed to file an affidavit of appellant's income, and (2) a general defense, that appellee failed to comply with the "other laws of the Commonwealth of Pennsylvania." ·

■■■ Appellant contends first that he set forth in his petition a meritorious defense that gave rise to a jury issue. This contention lacks merit. One who petitions to open a confessed judgment must offer a meritorious defense. *Industrial Valley Bank & Trust Co. v. Lawrence Voluck Associates, Inc.*, 285 Pa.Superior Ct. 499, 428 A.2d 156 (1981). Opening a confessed judgment is within the discretion of the lower court and this discretion will not be disturbed on appeal absent a manifest abuse of discretion. *Lincoln Bank v. Kelly*, 282 Pa.Superior Ct. 261, 422 A.2d 1106 (1980). However, the court's discretion must be guided by Pa.R.Civ.P. 2959(e), requiring that "if evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court shall open the judgment."

■■ Appellant averred that appellee was not entitled to a confessed judgment having failed to file an affidavit alleging that appellant's income exceeded ten thousand dollars annually. Appellant's defense apparently was based on *Swarb v. Lennox*, 314 F.Supp. 1091 (E.D.Pa.1970), affirmed, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972); however, appellant misinterpreted this case. In *Swarb*, the court held that a Confession of Judgment against an individual having an annual income of less than ten thousand dollars is constitutionally impermissible unless it is shown that the individual gave an intelligent and voluntary waiver. Thus,

*Swarb* shielded a class of individuals whose protection is retracted if it is shown that the individual gave an intelligent and voluntary waiver.

■ In his petition, appellant did not produce evidence of his membership in the protected class. Thus, there was no issue to be submitted to the jury. Also, nowhere in the *Swarb* opinion did it require the creditor to file an affidavit alleging that the debtor's annual income was over ten thousand dollars. Evidence that the debtor's annual income is less than ten thousand dollars must be pled as an affirmative defense by the debtor. *See Poelcher v. Zink,* 375 Pa. 539, 101 A.2d 628 (1953) (creditor should not be required to anticipate a defense and therefore sustain a greater burden of proof than is normally necessary).

■ Appellant contends next that he properly preserved "a ground for relief by first raising it generally in his petition and then specifically in a subsequent memorandum of law." This contention lacks merit. Relief from a judgment by a confession shall be sought by petition. All grounds for relief must be asserted in a single petition. Pa.R.Civ.P. 2959(a). A party waives all defenses and objections which he does not include in his petition or answer. Pa.R.Civ.P. 2959(c). Affirmative defenses must be pled as new matter and therefore, where judgment has been confessed, as a part of the petition to open. *Dameron v. Woods Restaurant, Inc.,* 305 Pa.Superior Ct. 346, 451 A.2d 681 (1982). *See* Pa.R.Civ.P. 1030 (all affirmative defenses must be pled in a responsive pleading called New Matter).

■ The defenses raised in appellant's subsequent memorandum of law are deemed waived because they were not asserted in the petition. By listing specifically in Rule 1030 examples of affirmative defenses, our Supreme Court evidenced its intent that all parties plead specifically to enable opposing counsel to know the litigant's position, assertions, arguments, and defenses. *See also* Pa.R.Civ.P. 1019 (material facts upon which a defense is based shall be stated in a concise and summary form). Appellant failed to give prop-

er and timely notice to opposing counsel when he pled the general defense, and thereby, he failed to preserve any of the specific defenses subsequently raised in the memorandum of law.

In conclusion, because appellant did not set forth a meritorious defense, the lower court did not abuse its discretion in refusing to open the judgment. Accordingly, we affirm the lower court's denial of appellant's petition to open.

Order affirmed.