469 A.2d 216

**Frank LAZZAROTTI and Norma Lazzarotti,**

**v.**

**John J. JULIANO, Appellant.**

Superior Court of Pennsylvania.

Argued May 4, 1983.

Filed Nov. 25, 1983.

130

Neil H. Stein, Philadelphia, for appellant.

Joseph Thomas Mattson, Upper Darby, for appellees.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

McEWEN, Judge:

Appellant, John J. Juliano, seeks review of an order dismissing a petition to open a judgment confessed against him by appellees, Frank and Norman Lazzarotti. We affirm the order of the venerable Judge John V. Diggins which dismissed the petition to open due to the failure by appellant to produce any evidence of a meritorious defense requiring submission of the issues to a jury.

Appellees filed a complaint in confession of judgment against appellant on September 22, 1980, pursuant to a $7,000.00 judgment note signed by appellant on September 13, 1973. *See* Pa.R.C.P. 2951(b). Judgment was thereupon entered against appellant in the sum of $11,270.00.[1] Notice of the entry of the judgment was given to appellant pursuant to Pa.R.C.P. 236.[2] Appellant filed a petition to open the judgment on June 9, 1981. The petition filed by appellant sought to raise the following defenses to the judgment:

"a) the said action is barred by the applicable statute of limitations ... as said action was based on an alleged note dated September 13, 1973.

b) that any monies given were given as gifts.

c) that in any possible event, petitioner's wife is equally liable.

d) that in any possible event there has been accord and satisfaction."

Appellees filed an answer to the petition on June 23, 1981, and, inter alia, denied as conclusions of law the defenses asserted by appellant. No further action was taken by any of the parties until April 16, 1982, when counsel for appel-

---

1. Attorney's fees in the amount of $350.00 and interest at 8% per annum in the amount of $3,920.00 were included in the judgment.

2. Service of the original complaint was not effected and on March 17, 1981, service of a reinstated complaint was accepted by counsel for appellant.

lees caused the matter to be listed for argument. Counsel for appellant stated at the hearing on the petition to open that the matter was listed as a result of an agreement between himself and counsel for appellees.[3] Argument on the petition was held on May 17, 1982, and in response to a request by the hearing judge to proceed with the evidence in support of the petition, counsel for appellant stated that he intended to "rely on our petition which sets out the facts as they are stated." N.T. at 6. When informed by Judge Diggins that he could not rely solely on the averments of the petition which had been denied by the answer filed by appellees, counsel stated that he was appearing for another attorney from his office, was unaware of the fact that an answer had been filed and was not prepared to present any evidence in support of the petition. Judge Diggins then dismissed the petition to open.

■ "[O]ur scope of review on appeals from the lower court's grant or denial of a petition to open judgment is very narrow. A petition to open judgment is first an appeal to the equitable and discretionary powers of the lower court and as such, the exercise of the lower court's discretion in either opening or refusing to open a judgment taken by confession, will not be disturbed on appeal unless the lower court has committed a manifest abuse of discretion or an error of law." *Lincoln Bank v. Kelly*, 282 Pa.Super. 261, 267–268, 422 A.2d 1106, 1109 (1980). *Accord Scott v. 1523 Walnut Corporation*, 301 Pa.Super. 248, 252, 447 A.2d 951, 952 (1982); *First Pennsylvania Bank, N.A. v. Lehr*, 293 Pa.Super. 189, 191, 438 A.2d 600, 602 (1981). The party seeking to open a confessed judgment must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to

**3.** The notes of testimony contain the following statement by counsel for appellant:

"Mr. Knauer: Your Honor, if I may, the listing of the matter came about when counsel and I were together at an arbitration several weeks ago. And I discovered that there was this open petition, and we discussed the best way of getting it on the list, and counsel said he would move it onto the list before Your Honor." [N.T. 8]

a jury. *Young v. Pileggi*, 309 Pa.Super. 565, 568, 455 A.2d 1228, 1229–1230 (1983); *Weitzman v. Ulan*, 304 Pa.Super. 204, 209, 450 A.2d 173, 176 (1982); *Van Brakle v. Lanauze*, 293 Pa.Super. 276, 278, 438 A.2d 992, 993 (1981); *First National Bank of Pennsylvania v. Cole*, 291 Pa.Super. 391, 393, 435 A.2d 1283, 1284 (1981).

Appellant argues on appeal that the court erred in dismissing the petition to open without first ordering the parties to proceed with the production of evidence under Pa.R.C.P. 209. We disagree. It is well settled that when a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof. *Philadelphia City Employees Federal Credit Union v. Bryant*, 310 Pa.Super. 526, 529, 456 A.2d 1060, 1062 (1983); *Hutchings v. Trent*, 304 Pa.Super. 376, 380, 450 A.2d 729, 731 (1982); *Bell v. Jefferson Republican Club*, 304 Pa.Super. 157, 160, 450 A.2d 149, 151 (1982). Pa.R.C.P. 209 [4] provides the procedure for establishing such proof. Pursuant to Rule 209, the petitioner must either take depositions on *disputed factual issues* or order the cause for argument on the petition and answer, thereby conceding the existence of all *facts* properly pleaded in the answer. Or, the respondent may, after fifteen days, in order to expedite the proceedings, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer.

**4.** Pa.R.C.P. 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purposes of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

*Triffin v. Thomas,* 316 Pa.Super. 273, 276, 462 A.2d 1346, 1348 (1983); *Philadelphia City Employees Federal Credit Union v. Bryant, supra,* 310 Pa.Super. at 530, 456 A.2d at 1063; *Bell v. Jefferson Republican Club, supra* 304 Pa.Super. at 160, 450 A.2d at 151. While the court itself may set a timetable for the taking of depositions and for decision on the petition, there is no requirement that the court do so. *See Triffin v. Thomas, supra* 316 Pa.Super. at 280, n. 4, 462 A.2d at 1350 n. 4; *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 138 n. 5, 403 A.2d 577, 581 n. 5 (1979). Appellant misapprehends the holdings of this Court in *Triffin v. Thomas, supra; Philadelphia City Employees Federal Credit Union v. Bryant, supra; Hutchings v. Trent,* supra; *Bell v. Jefferson Republican Club, supra; Duffy v. Gerst,* 286 Pa.Super. 523, 429 A.2d 645 (1981); *Shainline v. Alberti Builders, Inc., supra;* and *Instapak Corp. v. S. Weisbrod Lamp & Shade Co., Inc.,* 248 Pa.Super. 176, 374 A.2d 1376 (1977). In each of these cases remand for proceedings pursuant to Pa.R.C.P. 209 was required because the judge acted prematurely on the petition and answer *before* either the petitioner or respondent had taken any action under Rule 209 or listed the cause for argument. Remand is *not* required where either the petitioner or respondent lists the case for argument on the basis of the petition and answer alone. *See Teodori v. Werner,* 490 Pa. 58, 415 A.2d 31 (1980); *Silvestri v. Kinest,* 318 Pa.Super. 14, 464 A.2d 494 (1983). *See also Bensalem Township v. Terry,* 317 Pa.Super. 380, 384–385, 464 A.2d 371, 374 (1983). The argument that the hearing judge erred in failing to order the parties to proceed under Rule 209 is, therefore, meritless.

■ If the petitioner, who bears the burden of supporting his *allegations of fact* by depositions, is ruled to proceed and fails to either take depositions or order the cause for argument on the petition and answer, or himself orders the cause for argument on the petition and answer, the *factual allegations* of the respondent will be taken as true. *Owens v. McCurdy,* 304 Pa.Super. 510, 512, 450 A.2d 1028, 1030

(1982); Pa.R.C.P. 209. Conversely, if the respondent lists the cause for argument on the basis of the petition and answer alone, all of the *factual* averments contained in the petition must be taken as true. *Teodori v. Werner, supra* 490 Pa. at 63, 415 A.2d at 33; 1 Goodrich-Amram 2d § 209:2 at p. 122.

In the instant case counsel for the respondents caused the matter to be listed for argument. Ignoring for the purposes of this opinion the fact that counsel did so pursuant to an agreement with counsel for appellant and disregarding the statement of counsel for appellant that he intended to rely solely on the petition, *only the factual allegations* contained in the petition to open may be deemed admitted. *Teodori v. Werner, supra,* 490 Pa. at 63, 415 A.2d at 33. Appellant, however, did not include any factual allegations relevant to his alleged defenses in his petition to open. Rather, his defenses to the judgment were presented as conclusions of law. Such conclusions of law may not be deemed as admissions of facts in issue. *Estate of Roos,* 305 Pa.Super. 86, 98, 451 A.2d 255, 261 (1982). *See also Landis v. City of Philadelphia,* 245 Pa.Super. 514, 518, 369 A.2d 746, 748 (1976); *Action Industries, Inc. v. Wiedeman,* 236 Pa.Super. 447, 450, 346 A.2d 798, 800 (1975); Pa.R.C.P. 1029(a).

The bare allegation by appellant in his petition to open that an action on the judgment note was barred by the statute of limitations was a conclusion of law which was not admitted by the listing of the cause for argument by appellees. Moreover, the statute of limitations as pleaded by appellant was not a meritorious defense to the judgment. At the time of the filing of the complaint in confession of judgment, section 5527 of the Judicial Code, 42 Pa.C.S. § 5527, provided, inter alia:

"The following actions and proceedings must be commenced within six years:

1) ....

2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing,

except an action subject to another limitation specified in this sub-chapter. Where an instrument is payable upon demand, the time within which an action or proceeding on it must be commenced shall be computed from the later of either demand or any payment of principal or of interest on the instrument." [5]

Appellant averred in his petition that an action upon the note was barred by the statute of limitations because it had been *executed* on September 13, 1973. The note was payable on demand and appellant did not aver that any demand for payment had occurred nor did he aver that he had made any payment of principal or interest on the note. The statute of limitations on a demand note does not begin to run until demand or a payment on principal or interest is made or until judgment is entered on the debt. The averment of appellant that the action was barred as a result of the note having been executed seven years earlier did not, therefore, constitute a valid defense and could not serve as the basis for opening the judgment. See and compare: *Silvestri v. Kinest*, 318 Pa.Super. 14, 17, 464 A.2d 494, 495 (1983); *Bell Federal Savings and Loan Association of Bellevue v. Laura Lanes, Inc.*, 291 Pa.Super. 395, 435 A.2d 1285 (1981); *First Pennsylvania Bank, N.A. v. Weber*, 240 Pa.Super. 593, 360 A.2d 715 (1976) allocatur denied September 8, 1976.

Similarly, the averment in the petition to open that "any monies given were given as gifts" did not require that the judgment be opened. Appellant alleged no facts in support of his conclusory averment that the $7,000.00 for which he had signed a judgment note was a gift. Pa.R.C.P. 2959(e) provides that "[t]he court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions or other evidence .... If *evidence* is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment."

5. This section has been repealed. The statute of limitations applicable to causes of action upon bonds, notes or other similar instruments in writing is now four years. *See* 42 Pa.C.S. § 5525(7).

(emphasis supplied) Appellant offered no evidence relevant to his allegation that the monies were a gift nor did he allege any facts in his petition in support of this alleged defense. In the absence of any evidence "which in a jury trial would require the issues to be submitted to the jury," Pa.R.C.P. 2959(e), the court could not open the judgment. *See Silvestri v. Kinest, supra* 318 Pa.Super. at 17, 464 A.2d at 495.

■ The allegation by appellant that his wife was equally liable was a conclusion of law which was not admitted by the listing of the cause by the appellees, nor was it a valid defense to the judgment. The record clearly demonstrates that appellant alone signed the instrument upon which judgment was confessed. As there was no evidence of any liability on the part of Mrs. Juliano in connection with the note, no jury issue was presented. *See First Pennsylvania Bank, N.A. v. Weber, supra.* Moreover, even if Mrs. Juliano had signed the note as co-maker with appellant, her liability would have been joint and several with that of appellant, *Wilner v. Croyle,* 214 Pa.Super. 91, 98, 252 A.2d 387, 390 (1969), and would not have constituted a valid defense to the judgment entered against appellant. *Young v. Pileggi, supra* 309 Pa.Super. at 573, 455 A.2d at 1232.

The final defense asserted by appellant in his petition to open was accord and satisfaction of the debt upon which judgment had been confessed. Appellant again alleged no facts whatsoever in relation to this defense which, as a conclusion of law, had not been admitted by appellees.

" 'An accord and satisfaction is the result of an agreement between the parties which may be and usually does result from an implied agreement arising from the circumstances. If an agreement stems from a disputed claim, the acceptance of an amount less than the creditor claims to be due, when tendered by the debtor in full satisfaction of the creditor's claim, becomes a completed accord and satisfaction..... There must be an honest dispute and a person cannot create a dispute sufficient for the purpose of an accord and satisfaction by a mere refusal to pay a claim

undisputed in fact.' " *Hagerty Oil Co. v. Chester County Security Fund, Inc.*, 248 Pa.Super. 456, 457–458, 375 A.2d 186, 187 (1977) *quoting Law v. Mackie*, 373 Pa. 212, 222, 95 A.2d 656, 660 (1953).

Moreover, the agreement arrived at in the accord *must* be executed by actual payment or performance to constitute a satisfaction and not by mere promise of future performance. *Duryea v. Long*, 191 Pa.Super. 511, 515, 159 A.2d 259, 261 (1960). Appellant, having failed to allege the elements of an accord and satisfaction, i.e., the existence of a bona fide dispute and payment and acceptance of consideration conditionally tendered, has not presented any evidence which would create an issue for submission to the jury. Pa.R.C.P. 2959(e). *See Silvestri v. Kinest, supra* 318 Pa.Super. at 17, 464 A.2d at 495; *VanBrakle v. Lanauze, supra* 293 Pa.Super. at 279, 438 A.2d at 994; *Lincoln Bank v. Kelly, supra* 282 Pa.Super. at 269, 422 A.2d at 1110; *First Pennsylvania Bank, N.A. v. Weber, supra* 293 Pa.Super. at 603, 360 A.2d at 721.

As the petition to open the judgment confessed against appellant failed either by not averring valid defenses or by not alleging facts sufficient to create an issue for a jury, the petition was properly dismissed by the distinguished hearing judge whose order we hereby affirm.