## Equibank v. Schneider Inc.

*John R. O'Keefe,* for plaintiff.
*Joseph A. Katarincic,* for defendants.

WETTICK,, *A.J.,* January 4, 1990 — On January 20, 1989, a judgment by confession in excess of $11 million was entered against defendants. On February 22, 1989, defendants filed a petition to strike and/or open and for other relief from judgment by confession. On this same date, this court issued a rule upon Equibank to show cause why the judgment should not be opened and/or stricken and why other relief from judgment should not be granted. Equibank filed an answer to the petition.

On August 16, 1989, Equibank took a rule on defendants to show cause why they should not proceed to take depositions on disputed issues of fact or order the cause for argument on petition and answer. Immediately thereafter, defendants served on Equibank a motion to produce documents and scheduled a series of depositions.

Thereafter, Equibank served upon defendants a set of interrogatories, a request for production of documents and a notice scheduling the deposition of the principal of defendant corporations. Defen-

dants filed a motion for a protective order that seeks to bar Equibank from proceeding with any discovery until the court has taken final action on the February 22, 1989 rule to show cause. This motion is the subject of this opinion and order of court.

Defendants base their motion for a protective order on their contention that the Rules of Civil Procedure do not provide for a respondent to engage in any discovery in connection with a court's consideration of a rule to show cause why a confessed judgment should not be opened. Neither party cited any case law that has addressed this issue. Our research failed to reveal any case law. Consequently, we address this issue by looking to the Rules of Civil Procedure governing discovery and governing the opening of a confessed judgment.[1]

The scope of the Rules of Civil Procedure governing discovery are set forth at Pa.R.C.P. 4001(a)(1). This provision states that the Rules of Civil Procedure governing discovery apply "to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules." This language, if given its ordinary meaning, covers any proceeding governed by the Rules of Civil Procedure. Explanatory Note - 1978 to rule 4001 states that these rules governing discovery are intended to "embrace every conceivable form of action."[2]

1. The February 22, 1989 order of court that issued the rule to show cause stayed execution proceedings on the confessed judgment including discovery with respect to assets. Thus, this court's consideration of defendants' motion for a protective order does not include any issues concerning a judgment holder's right to discover a judgment debtor's assets while proceedings involving a petition to open a judgment are pending.

2. Pa.R.C.P. 4001(a)(2) sets forth specific actions for which the Rules of Civil Procedure governing discovery shall not apply. Neither confession of judgment proceedings nor proceedings to open a judgment are included as exceptions to rule 4001(a)(1).

The scope of discovery is set forth in Pa.R.C.P. 4003.1. The relevant portion of this rule reads as follows:

"Subject to the provisions of rules 4003.2 to 4003.5 inclusive and rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Defendants' first contention is that no provisions within the Rules of Civil Procedure allow Equibank to engage in discovery. We find no merit to this contention.

This is a proceeding covered by the Rules of Civil Procedure so the rules of discovery apply according to rule 4001(a)(1). Thus, under rule 4003.1, Equibank may engage in any discovery that is relevant to the subject matter involved in the pending action.

Defendants' next contention is that the opening of a confessed judgment is a post-judgment proceeding and that the Rules of Civil Procedure governing discovery are not applicable to such proceedings. This contention is also lacking in merit because the broad language of rule 4001(a)(1) governs post-judgment proceedings.

In *Noris v. Jonnett,* 23 D.&C. 3d 155 (1982), this court rejected the judgment debtor's contention that the Rules of Civil Procedure governing discovery did not apply to proceedings to enforce a money judgment because the right of the judgment cred-

itor to obtain discovery is specifically dealt with by rule 3117(a) of the Rules of Civil Procedure governing the enforcement of a money judgment. We concluded that the rules of discovery applied because of the broad language of rule 4001(a)(1), because rule 3117 was not adopted as a limitation on discovery but rather as part of an overall procedural structure for enforcing a money judgment and because there would be no rational justification for limiting a judgment creditor's use of methods of discovery that are available to parties prior to the entry of the judgment. The same rationale applies to the present situation.

Defendants next argue that Equibank's discovery at this stage of the proceedings is unnecessary and will cause unreasonable burden and expense to defendants. There is no discovery, according to defendants, that would be useful to a respondent in its efforts to defeat a petition to open a confessed judgment. Therefore, there is no reason why a petitioner should be required to undergo the burden and expense of responding to such discovery until it is certain that the case will be tried on its merits.

While there may be limited instances in which discovery relevant only for a trial on the merits of the action should be permitted while proceedings to open a confessed judgment are pending, we agree with defendants that such discovery ordinarily should not be permitted for the reasons that defendants advance. See rule 4011(b) which bars discovery that would cause unreasonable burden or expense. We, therefore, address defendants' contention that there is no discovery that can be useful to a respondent in defeating a petition to open a confessed judgment.

Defendants base their contention on Pa.R.C.P.

2959(e) which describes the evidence a court shall utilize in opening a confessed judgment and the standard it shall apply.

"(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending deposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment."

The only issue for the court to decide, according to defendants, is whether the petitioner has presented evidence that would preclude a nonsuit. The petitioner has the burden of presenting such evidence. If the petitioner fails to do so, the court shall not open the judgment. *Lazzarotti v. Juliano,* 322 Pa. Super. 129, 469 A.2d 216 (1983). If the petitioner produces such evidence, on the other hand, the court must open the judgment. The case law is clear that the court may not weigh the evidence — the judgment must be opened where the evidence produced would be sufficient to prevent a directed verdict against the petitioner. *Continental Bank v. Axler,* 353 Pa. Super. 409, 510 A.2d 726 (1986). Thus, defendants claim that any evidence that a respondent would provide is irrelevant because the court would then be weighing the evidence rather than determining whether sufficient evidence has been produced to require the issues to be submitted to a jury.

We reject this argument. Through discovery, a respondent may obtain admissions, documents, and other evidence which establishes that the evidence upon which the petitioner is relying is insufficient for the issues to be submitted to a jury.

The following examples illustrate situations in which evidence that a respondent obtained through discovery would defeat a petition to open that would have otherwise been granted on the basis of the testimony which the petitioner offered.

(1) The seller confessed judgment because of the buyer's alleged failure to accept and pay for goods which it contracted to purchase. The buyer's petition to open is based upon the allegation that the goods were not delivered by December 10 as required in the contract. In support of his petition to open, the buyer relied entirely upon his deposition in which he testified that the goods were not delivered until January 15. On cross-examination the buyer acknowledged that X, a broker, was acting as his agent in this transaction and that the buyer never dealt directly with the seller. When asked whether X authorized the seller to delay shipping the goods until January 15, the buyer responded that X and he never had any discussions regarding an extension of the delivery date and that he does not believe that X would have extended this date without telling him. While this testimony, if unchallenged, would be sufficient, a court would likely reach a different result if the respondent presented unrefuted deposition testimony of X that he had advised the seller that the goods could be delivered anytime in January.

(2) The defense raised by the petitioner is that the building materials for which the judgment was confessed were never delivered. In support of its position, the petitioner presented the deposition testimony of its vice-president of operations who testified that she was responsible for the job, that she obtained daily records of all building materials that were delivered, and that these materials were never delivered. If the respondent's discovery pro-

duced a memorandum from the petitioner's construction manager to the petitioner's controller which stated that the materials had been delivered in satisfactory condition, and that payment should be made, this document (unless explained by the petitioner) would defeat the petition.

We next reject defendants' contention that any discovery must be limited to deposition testimony. Defendants base this contention on Pa.R.C.P. 209 which provides only for the use of deposition testimony in petition and answer practice. However, rule 2959 governs the practice for opening a confessed judgment. Rule 2959(e) requires the court to consider any testimony, depositions, admissions, and other evidence.

Defendants' final argument is also based on rule 209. It is defendants' position that rule 2959(e) establishes the standard that the court shall utilize in determining whether to open a confessed judgment and that rule 209 establishes the procedure. Rule 209, according to defendants, allows only the petitioner to engage in discovery.

Initially, we have difficulty with defendants' contention that the procedure for opening a confessed judgment is governed by rule 209. Rule 2959 sets forth both a comprehensive procedure and the standards for striking and opening confessed judgments. Even the heading of the rule, "Striking Off or Opening Judgments; Pleadings; Procedure" indicates the comprehensive nature of this rule. Furthermore, rule 2959(e) is not entirely consistent with rule 209. As we previously stated, the type of evidence that a court may consider under rule 2959(e) — any testimony, depositions, admissions, or other evidence — is far broader than the evidence provided for in rule 209 — depositions.

The only issue that rule 2959 does not address is

how the case shall proceed to argument in the event that the petitioner does not either proceed with the taking of testimony or list the case for argument on petition and answer. Consequently, rule 209 is applicable only as to that issue.

But even assuming that rule 209 establishes the procedure for a petition to open a confessed judgment, we find no merit to defendants' contention that rule 209 does not allow the respondent to engage in discovery. If the petitioner lists the case for argument on petition and answer, rule 209 bars discovery. In that case, discovery cannot be helpful to the respondent because the averments of fact set forth in the respondent's answer (including denials based upon lack of knowledge or information) are deemed admitted. But the language of rule 209 does not otherwise suggest that only the petitioner may engage in discovery. The provision of rule 209 that allows the respondent to obtain a rule on the petitioner to take depositions on disputed issues of fact is intended to prevent the respondent from scheduling an argument on the petition and answer before the petitioner (who has the burden of presenting evidence on disputed issues of fact) has had the opportunity to take depositions. Its purpose is not to limit the evidence that a court may consider.

For these reasons, we enter the following

## ORDER OF COURT

On this January 4, 1990, it is hereby ordered that defendants' motion for a protective order is denied.